CASE 102.—ACTION BY H. F. TROUTMAN AGAINST THE LOUISVILLE & NASHVILLE RAILROAD COM- PANY.—April 26, 1910.

## L. & N. R. R. Co. v. Troutman

Appeal from Bullitt Circuit Court.

SAMUEL E. JONES, Judge.

Judgment for plaintiff and defendant appeals.— Affirmed.

1. Railroads—Construction—Farm Crossings—Statutes.—Where a railroad cut plaintiff's farm into two parts, an arrangement entered into by the railroad company with an adjoining land- owner that plaintiff might use his crossing, which would necessitate plaintiff's traveling half a mile each way to cross the railroad track to get to his land, which he desired to use, when if he went by a direct route from his house it would only be a short distance, was not a compliance with the railroad's charter, requiring that, where it was necessary to pass through the land of any person, the railroad should provide proper wagon ways across the railroad.

2. Railroads — Construction — Farm Crossings — Charter Ob- ligation.—A railroad's charter duty to furnish farm crossings was a continuing obligation, which was enforceable by the landowner whenever the necessity therefor arose.

L. A. FAUREST, BENJAMIN D. WARFIELD and CHAS. H. MOORMAN for appellant.

L. F. COMBS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

H. F. Troutman owns a farm in Bullitt county, containing about 200 acres. Forty acres of the tract lies on the east side of the Louisville & Nashville Railroad, and 160 on the west side. The charter of the Louisville & Nashville Company among other things provides that, "where it shall be necessary to pass through the land of any person, it shall also be their duty to provide for such person proper wagon ways across said railroad from one part of the land to the other; and if said company shall fail to provide proper wagon ways across said road, as provided in this section, it shall be lawful for any person to sue said company and be entitled to such damage as a jury may think him or her entitled to for such neglect." Construing this provision, this court held in Louisville & Nashville Railroad Company v. Emerson, 125 Ky. 104, 100 S. W. 863, that the duty to provide proper wagon ways across the railroad is continuous, and that the crossings must be provided as the changed conditions make them necessary. The house on Troutman's tract was west of the railroad, and there was no crossing on the land, so that he could get from one side of the railroad to the other. He applied to the railroad company to put him in a crossing opposite the house. The company sent out one of its engineers, who told Troutman that the point he had selected was not a good place for a crossing, owing to the fact that the road was

there on a fill, and there would be danger of teams stalling in going up. He and Troutman then agreed on the location of the crossing 1,760 feet south of milepost 20. The railroad company entered into a contract with John Newman, who had a crossing at the north line of Troutman's land, by which Newman agreed with the railroad company that the persons owning the Troutman tract might use his crossing. This crossing is 967 feet south of milepost 20, or 793 feet north of the point where it was agreed between the engineer and Troutman the crossing might be placed. The company refused to put in the crossing on Troutman's land, claiming that by the agreement with Newman it had provided him a proper wagon way across the railroad from one part of the land to the other. Troutman brought this suit to require it to put in the crossing and to recover damages for its failure to do so. On the trial of the case the circuit court entered a judgment in his favor, fixing the damages at $45. From this judgment the railroad company appeals.

According to the evidence it is about one-half mile from Troutman's house to the Newman crossing. To cultivate or use in any way the greater part of the 40 acres that lies on the east side of the railroad, Troutman must go up the railroad a half mile, there cross it, and then come back about a half mile to the land he wishes to use, when if he went in a direct route from the house to the land it would be only a short distance. The circuit court did not err in holding that this was not, within the meaning of the statute, a proper wagon way across the railroad from one part of the land to the other. Such a way would so far impair the use of the land on the east of the railroad as to make its cultivation or grazing

as a pasture impracticable, except at great loss of time and labor. The statute was intended to require that such crossings as were reasonably necessary for the fair use of the land should be put in. The land has heretofore been in timber, and therefore the question of the crossing did not arise; but, now that the land is cleared and occupied as a residence, a different condition is presented, and the owner is entitled to a reasonable wagon way from one part of his land to the other. To require Troutman to go upon the crossing of Newman, and then follow the county road back to his land, would be to furnish him a crossing not contemplated by the statute. The statute contemplates that the crossing shall be from one part of the land to the other.

Judgment affirmed.